IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GEORGE W. BROWN                                                                                  PLAINTIFF

      v.                                                    CIVIL NO. 07-3040

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff George W. Brown brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.    Procedural Background:

Plaintiff protectively filed his applications for DIB and SSI on April 27, 2004, and July 22, 20004, respectively, alleging an inability to work since July 31, 2003, due to eye problems, a stroke, mental impairments and suicidal thoughts.[1] (Tr. 75). An administrative hearing was held on July 27, 2006. (Tr. 226-262). Plaintiff was present and represented by counsel.

By written decision dated October 13, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 14).

---

[1] At the administrative hearing before the ALJ, plaintiff amended his alleged onset date to July 1, 2004. (Tr. 13, 241).

AO72A
(Rev. 8/82)

Specifically, the ALJ found plaintiff had the following severe impairments: major depression without psychotic features, organic brain dysfunction, cognitive dysfunction, non-psychotic, left arm paresthesias and/or questionable transient ischemic attack (TIA) and hypertension. (Tr. 15). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ determined plaintiff maintained the residual functional capacity (RFC) to lift and/or carry ten pounds occasionally, less than ten pounds frequently; to stand and/or walk for two hours in an eight-hour day; and to sit for six hours in an eight-hour day. Regarding plaintiff's mental RFC, the ALJ found plaintiff could perform work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote with few variables, where little judgment is required, and where the supervision required is simple, direct and concrete. (Tr. 18). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a small production machine operator, a small products assembler, and a food order clerk. (Tr. 23).

Plaintiff then requested a review of the hearing by the Appeals Council, which denied that request on April 27, 2007. (Tr. 5-7). Subsequently, plaintiff filed this action. (Doc. No. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. No. 7,8).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities.

After reviewing all the evidence of record, we are particularly troubled with the ALJ's failure to address plaintiff's testimony at the hearing and reports to consultative examiners that he was unable to see out of his left eye. (Tr. 169, 208, 247). The evidence of record reveals that in May of 2007, a field officer noted plaintiff's eyes seemed abnormal. (Tr. 87). Further, in an exhibit list dated July 26, 2006, there is a summary of the medical evidence from a Dr. Wallace W. Towle, O.D. dated July 1, 2006, indicating plaintiff has been amblyopic since birth and evidence dated November 11, 2002, diagnosing plaintiff with amblyopia.[2] (Tr. 128). While the court notes the medical evidence of this eye impairment was not part of the transcript, the notation of that evidence in the exhibit list and plaintiff's testimony and reports to examiners that

---

[2] Amblyopia is defined as an impairment of vision without detectable organic lesion of the eye. *See* Dorland's Illustrated Medication, Dictionary at 56, 29th Edition (2000).

he is blind in his left eye should have made the ALJ more fully and fairly develop the record regarding plaintiff's alleged eye impairment rather than simply stating there was no objective medical evidence to establish a diagnosis of amblyopia. (Tr. 17).

This lack of development of plaintiff's alleged eye impairment is further bothersome because the loss of vision in plaintiff's eye would need to be included in the hypothetical question posed to the vocational expert to determine whether there are jobs in the national economy which plaintiff could perform, and if so, the extent to which that base may be diminished by plaintiff's vision impairment. *Doolittle v. Apfel,* 249 F.3d 810, 811 -812 (8th Cir. 2001).

We believe remand is warranted so that the ALJ can more fully and fairly develop the record plaintiff's alleged vision impairment.  On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Bethany Knight and Wallace W. Towle–asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.  *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).   Specifically the ALJ should ask the above physicians to address plaintiff's alleged left eye blindness.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

-5-

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of October, 2008.

/s/ *J. Marschewski*
　HON. JAMES R. MARSCHEWSKI
　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)