IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GEORGE W. BROWN                                               PLAINTIFF

       v.                         CIVIL NO. 07-3040

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                 DEFENDANT

**O R D E R**

      Plaintiff George W. Brown appealed the Commissioner's denial of benefits to this court. On October 21, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10). On January 19, 2009, plaintiff moved for an award of $1,721.03 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 7.75 attorney hours of work before the court at an hourly rate of $155.00, 6.25 paralegal hours at an hourly rate of $75.00 and $51.03 in expenses. (Doc. 11-12). Defendant has filed a response, expressing no objection to this award. (Doc. 13).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v.*

*Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

AO72A
(Rev. 8/82)

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under the EAJA at a rate of $155.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds

that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. 12) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $155.00 per hour.

Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour. Plaintiff's counsel submitted an affidavit verifying the market rate for paralegal work. (Doc. 12). Accordingly, we find $75.00 per hour for paralegal work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks 0.25 attorney hour and 0.75 paralegal hour on August 28, 2007 (preparation and sending of summons to U. S. District Court. Letter to clerk with complaint to be filed. Review of file), from which we deduct 0.25 attorney hour and 0.75 paralegal hour; 0.50 paralegal hour on September 11, 2007 (receipt and review of FMC[1] of Complaint with

---

[1] The acronym FMC is not defined. However, the Court will give plaintiff's counsel the above time for review of the NEF regarding the filing of the Complaint.

-4-

Summons. Review of file), from which we deduct 0.40 paralegal hour; 0.25 paralegal hour on September 28, 2007 (receipt of unclaimed copy of application to proceed IFP to the client. Review of file), from which we deduct 0.25 paralegal hour; 0.50 paralegal hour on November 28, 2007 (letter to all parties perfecting service on the complaint. Review of file), from which we deduct 0.50 paralegal hour; 0.50 paralegal hour on December 19, 2007 (preparation and filing of Affidavit of Service. Preparation of Exhibits A, B, and C. Review of file), from which we deduct 0.40 paralegal hour; and 0.50 paralegal hour on October 23, 2008 (preparation of Affidavit of Plaintiff. Letter to client with Judgment and Affidavit to sign and return. Review of file), from which we deduct 0.40 paralegal hour. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 0.25 attorney hours and 2.70 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 0.25 paralegal hour on September 10, 2007 (receipt and review of electronic Order granting IFP. Review of file), from which we deduct 0.15 paralegal hour; 0.25 paralegal hour on December 5, 2007 (receipt, review, and copy to client of US Dist. Court Western District of AR - Order of Reference. Review of file), from which we deduct 0.15 paralegal hour; and 0.25 paralegal hour on November 11, 2008 (receipt and review of notarized U.S. District Affidavit of Plaintiff. Review of file), from which we deduct 0.15 paralegal hour. This court concludes that the time submitted on the above referenced dates, should not have taken a paralegal experienced in handling social security cases more than five or six minutes to review there documents. Accordingly, 0.45 paralegal hour must be deducted

from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.25 paralegal hour on September 21, 2007 (letter to client with copies of Dr. Smith's and Dr. Bunting's reports. Review of file). No additional evidence was submitted to this court and work done at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). Therefore, 0.25 paralegal hour must be deducted from the time requested. Likewise, the 0.25 paralegal hour submitted on December 23, 2008 (receipt and review of SSA Notice of Order of Appeals Council remanding case to ALJ. Review of file), was not work performed before this court and must be deducted from the time sought. Accordingly, 0.50 paralegal hour must be deducted from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $51.03 in expenses incurred with regard to the postage and photocopies. Such expenses are recoverable under the EAJA and we find $51.03 to be a reasonable award. See *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: for: 7.50 (7.75 - 0.25) attorney hours at the rate of $155.00 per hour, 2.60 (6.25 - 3.65) paralegal hour at an hourly rate of $75.00, and for $51.03 in expenses, for a total attorney's fee award of $1,408.53. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 19th day of March 2009.

AO72A
(Rev. 8/82)

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-7-

**AO72A**
**(Rev. 8/82)**